UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANDON BIRD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00529-CDB (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED** *IN FORMA PAUPERIS*<br><br>(Doc. 2)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff Eber G. Ruth is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. On April 5, 2023, Plaintiff filed an Application to Proceed *In Forma Pauperis* by a Prisoner. (Doc. 2.)

Because Plaintiff has accrued three or more "strikes" under section 28 U.S.C. § 1915 and fails to show that he is under imminent danger of serious physical injury, the Court will recommend that his motion be denied.

**I.　　THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or

fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (internal citation omitted).

## II.     DISCUSSION

The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in this Court: (1) *Ruth v. Dubsky*, No. 1:00-cv-06011-OWW-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 21, 2001); (2) *Ruth v. Terhune*, No. 1:00-cv-07065-AWI-LJO (E.D. Cal.) (dismissed for failure to state a claim on May 8, 2003); (3) *Gean v. Estate of William Hyde Wollaston*,[2] No. 1:12-cv-01190-AWI-SMS (E.D. Cal.) (finding Plaintiff had at least three strikes prior to filing the action; dismissed September 23, 2013); and (4) *Ruth v. Warden*, No. 1:21-cv-00040-DAD-EPG (E.D. Cal.) (finding Plaintiff had at least three strikes prior to filing action; dismissed April 12, 2021). Moreover, the Court takes judicial notice of the following actions filed in the Ninth Circuit Court of Appeals: (1) *Gean v. Estate of William Hyde Wollaston*, No. 13-17144 (9th Cir.) (Plaintiff's application to proceed in forma pauperis denied because appeal was frivolous; dismissed for failure to prosecute because Plaintiff failed to pay filing fee on February 20, 2014); and (2) *Ruth v. United States Judicial System*, No. 20-15230 (9th Cir.) (appeal dismissed as frivolous).

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Further, the dismissal of an appeal for failure to pay filing fee after the Ninth Circuit denied the application to proceed *in forma pauperis* because the appeal was frivolous also counts as a strike for purposes of 28 U.S.C. § 1915(g). *Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). Because Plaintiff has

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

[2] Plaintiff referred to himself as "Ruth Eber Gean/Gene." (12-1190, Doc. 1.)

2

incurred at least three prior "strikes," and each was dismissed prior to the commencement of the current action on April 5, 2023, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding *in forma pauperis* in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff generally alleges theft by the named defendants ("acts of thieving/thieft"), property destruction ("distroying properties"), conspiracy ("wrong and criminal maligning conspiracy (vile) tactic of malversation") and interfering with his access to the courts. (*See* Doc. 1.)

Plaintiff's allegations do not involve imminent danger of *serious physical injury*. *See, e.g., Young v. Atchley*, No. 20-CV-08349-LHK, 2021 WL 9166404, at *7 (N.D. Cal. Aug. 20, 2021) ("The Court finds that plaintiff's charge of a statewide conspiracy [to murder him] is implausible, and therefore plaintiff may not proceed under the imminent danger exception"); *Bradford v. Ceballos*, No. 1-20-cv-01821-SAB (PC), 2021 WL 53167, at *2 (E.D. Cal. Jan. 6, 2021) ("Plaintiff's general assertion that the alleged improper processing of his appeal caused him harm fails to demonstrate that plaintiff was 'under imminent danger of serious physical injury' when he filed the instant complaint"); *Harris v. Torres*, No. 1:19-cv-01171 JLT (PC), 2020 WL 1557801, at *2 (E.D. Cal. Feb. 4, 2020) (plaintiff's allegations regarding confiscation of property do not meet the imminent danger exception); *Simmons v. Kishbaugh*, No. 2:19-cv-1650-TLN-EFB P, 2020 WL 1853038, at *1 (E.D. Cal. Apr. 13, 2020) ("plaintiff alleges an access to courts claim … which fails to demonstrate that plaintiff was under imminent danger of serious physical injury when he filed this action"); *Thomas v. Parks*, No. 1:16-cv-01393-LJO-JLT (PC) 2018 WL 4373021, at *2 (E.D. Cal. Sept. 13, 2018) ("Plaintiff's allegations in this action are based largely on difficulties with obtaining copies of legal documents he prepared for other inmates and his access to the law library as well as acts of harassment and retaliation … access to the courts, even if based on unconstitutional retaliatory motive, does not equate to imminent danger of serious physical injury"); *Manago v. Beard*, No. 1:16-cv-00293-LJO-SAB (PC), 2016 WL 4191893, at

*2 (E.D. Cal. Aug. 8, 2016) ("Plaintiff's vague and conclusory allegations relating to an 'ongoing criminal conspiracy' among prison staff fails to present imminent danger exception to section 1915(g)"); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009) (finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

In sum, Plaintiff is precluded from proceeding *in forma pauperis* in this action because at the time he filed his complaint he was not under imminent danger of serious physical injury. *Andrews*, 493 F.3d at 1052-53.

### III.   ORDER AND RECOMMENDATIONS

For the reasons set forth above, the Court DIRECTS the Clerk of the Court to assign a district judge to this action and RECOMMENDS that:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) be DENIED; and,
2. Plaintiff be ordered to pay the $402.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). Within **14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **April 11, 2023**                              _____
                                                          UNITED STATES MAGISTRATE JUDGE