UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBER G. RUTH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LANDON BIRD, et al.,<br><br>　　　　　Defendants. | Case No.: 1:23-cv-00529-ADA-CDB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 7) |

　　　　Plaintiff Eber G. Ruth is proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　　On April 11, 2023, the Magistrate Judge issued findings and recommendations to deny Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 7.) Specifically, the Magistrate Judge found Plaintiff has accrued three or more strikes under 28 U.S.C. § 1915 and failed to show he was in imminent danger of serious physical injury. (*Id*.) Plaintiff filed objections[1] on April 21, 2023. (ECF No. 8.)

　　　　In his objections, in addition to repeating the assertions present in his complaint (theft, conspiracies by prison officials, and others), Plaintiff now asserts his life has been threatened. (ECF

---

[1] The filing is titled "Plaintiff written (objection) To order of denial to proceed In Forma pauperis and (objection) to 3 sTrikes under sec. 28 U.S.C. § 1915 Challenge to Put cards on table Truth oath only."

1   No. 8 at 2.) He contends "4 blacks 3 mexicans talking about how its their responsibility (to kill
2   white people)" and that he is "the only white in there." (*Id.*) Plaintiff contends he told prison staff,
3   but they ignored him "after almost getting into fight 3-4 times gang threats." (*Id.*)

4   The imminent danger exception in 28 U.S.C. § 1915(c) allows a prisoner with three or more
5   prior frivolous lawsuits to bring a claim *in forma pauperis* based on alleged conditions that he is
6   imminent danger. 28 U.S.C. §1915(c). A prisoner seeking to invoke the imminent danger exception
7   in § 1915(g) must make specific, credible allegations of imminent danger of serious physical harm.
8   *McNeil v. U.S.*, No. C05-1975-JCC, 2006 WL 581081, *3 (W.D. Wash. Mar. 8, 2006) (citing
9   *Kinnell v. Graves*, 265 F.3d 1125, 1127-28 (10th Cir. 2001), and *White v. Colorado*, 157 F.3d 1226,
10  1232 (10th Cir. 1998)). Vague, speculative, and non-specific allegations are insufficient. *See*
11  *Pauline v. Mishner*, No. 09-00182 JMS/KSC, 2009 WL 1505672, at *3 (D. Haw. May 28, 2009)
12  (plaintiff's vague and conclusory allegations of possible future harm to himself or others are
13  insufficient to trigger the "imminent danger of serious physical injury" exception to dismissal under
14  § 1915(g)).

15  Here, the assertions of imminent danger of serious physical injury in Plaintiff's objections
16  are speculative and conclusory. *See also Aruanno v. Davis*, 679 Fed.Appx. 213, 216 n.5 (3d Cir.
17  2017) ("We agree with the District Court that Aruanno's vague allegations of possible victimization
18  or fights do not meet the 'imminent danger' standard"); *Luedtke v. Bertrand*, 32 F.Supp.2d 1074,
19  1077 (E.D. Wis. 1999) ("[plaintiff's vague allegation of a conspiracy among the defendants to beat,
20  assault, injure, harass and retaliate against him are not enough. These allegations are insufficient
21  and lack the specificity necessary to show an imminent threat of serious physical injury"); *Cruz v.*
22  *Ramirez*, No. 1:19-cv-01305-LJO-BAM (PC), 2019 WL 13240357, at *1 (E.D. Cal. Oct. 16, 2019)
23  ("Plaintiff's allegations regarding Defendant Ramirez's threats and their connection to any future
24  assaults by other inmates or prison staff are too speculative and conclusory to support for the Court
25  to find that Plaintiff faces an ongoing or imminent danger of serious physical injury"); *Beeson v.*
26  *Copsey*, No. 1:10-cv-00454-BLW, 2011 WL 4948218, at *2 (D. Idaho Oct.17, 2011) (plaintiff's
27  allegations of "prison violence, reprisal, gov-action, loss of const. rights" as "vague, non-specific
28  allegations [that] are insufficient to show imminent danger"). Therefore, Plaintiff has failed to

demonstrate that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and proper analysis.

Accordingly,

1. The findings and recommendations issued on April 11, 2023 (ECF No. 7) are ADOPTED in full;
2. Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is DENIED;
3. **Within 30 days** of the date of service of this order, Plaintiff is required to and shall pay the $402.00 filing fee in full for this action; and
4. Plaintiff's failure to comply with this order shall result in the dismissal of this action.

IT IS SO ORDERED.

Dated:   June 30, 2023

UNITED STATES DISTRICT JUDGE